This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SHAYNE A. DAVIS,**

Petitioner-Appellant,

v.                                                                              **NO. 32,642**

**FEBIE SUNICO-DAVIS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Shayne A. Davis
Carlsbad, NM

Pro se Appellant

Ellis Law, LLC
Janet F. Ellis
Carlsbad, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Father appeals the district court's judgment modifying a divorce decree and parenting plan. We issued a calendar notice proposing to affirm. Rather than filing a memorandum in opposition, Father filed an amended docketing statement, a schedule of exhibits for the amended docketing statement, and a request for review of the amended docketing statement. We note that this Court's permission is required for the filing of an amended docketing statement. However, prior to receiving the request for review of the amended docketing statement, we in fact did review that pleading. The pleading contains argument responding to our initial calendar notice; therefore, we construe the amended docketing statement as a memorandum in opposition to that calendar notice. We are not persuaded by Father's arguments, and affirm.

{2}     The new information contained in the amended docketing statement concerns Father's request for a right of first refusal with respect to visitation with the couple's child (Child). Father clarifies that he asked the district court to enter an order that would allow either parent to be the caretaker of first choice at any time the other parent intended to place Child in a day-care center or with a different caretaker. [Amended DS 50-53] In other words, while Mother is at work and unable to care for Child herself, Father would have the right to take Child to care for him during that time even if Mother preferred to place Child in a different care-taking situation. Father argues that this right of first refusal would be beneficial to him and to Child and that

it would be structured so as not to interfere with the day-to-day activities of Child, such as school, religious activities, appointments, or extracurricular activities. [Amended DS 60]

{3} This issue implicates the district court's discretion and is highly dependent on the facts that were presented to the court below. The amended docketing statement contains information indicating that at least one reason that the district judge declined Father's request for a right of first refusal was the judge's desire to minimize contact between Father and Mother. [Amended DS 50] Father argues against this, stating that the judge should not have assumed that the past animosity between Father and Mother would continue into the future. [Id.] He also points out that Child would benefit from seeing Father and Mother cooperating with each other while implementing the right of first refusal. [Id.] Clearly, however, the first-refusal process would require a great deal of contact between Father and Mother that would not occur under a normal custody/visitation schedule. Given Mother's refusal to consider a right of first refusal, and the past animosity between the parents, the district court could have reasonably decided that it would be in Child's best interests to refuse to impose a requirement that could lead to more, rather than less, conflict between his parents. Custody and visitation issues require a district court to engage in balancing in an attempt to reach a result that is best for the child involved. We will not reverse a district court's

decision regarding such matters absent an obvious abuse of discretion, and we see no such abuse here. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7 (holding that a district court has "broad discretion and great flexibility in fashioning a custody arrangement") (internal quotation marks and citation omitted). We therefore affirm the district court's decision with respect to the right of first refusal.

{4}     Father continues to argue that the district court erred in requiring Father to pick up Child at Mother's home rather than from day care. [Amended DS p.47] Father contended this would be in the best interests of Child; Mother disagreed; and the district court ruled in favor of Mother on this point. Again, this is a discretionary matter and this Court has no basis upon which to find that an abuse of discretion occurred. *See Thomas v. Thomas*.

{5}     Our review of the amended docketing statement does not reveal any other issues that are properly reviewed in this appeal. Therefore, for the reasons stated in the calendar notice and in this opinion, we affirm the district court's decision in this case.

{6}     **IT IS SO ORDERED.**

                                    _____
                                    **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**